PEOPLE v JAMES (AFTER REMAND)

Docket No. 140964. Submitted June 7, 1991, at Lansing. Decided
January 21, 1992, at 10:00 A.M. Leave to appeal denied, 439
Mich —.

Jerald James was convicted following a bench trial in the Record-
er's Court for the City of Detroit, Wendy M. Baxter, J., of two
counts of armed robbery and possession of a firearm during the
commission of a felony, and was sentenced to concurrent terms
of 2½ to 7 years' imprisonment for the armed robbery convic-
tions and a consecutive term of 2 years' imprisonment for the
felony-firearm conviction. He appealed, claiming in part that
the trial court did not secure a proper waiver of his right to a
jury trial and that the preliminary examination testimony of a
complainant who did not appear at trial was improperly admit-
ted at trial. The Court of Appeals, WAHLS, P.J., and McDONALD
and C. W. SIMON, JR., JJ., reversed the convictions because
there was no showing that the defendant waived his right to a
jury trial in open court. Unpublished opinion per curiam of the
Court of Appeals (Docket No. 99073). The Court of Appeals
then denied the prosecutor's motion for rehearing. The Su-
preme Court, in lieu of granting leave to appeal, remanded to
the Court of Appeals for consideration as on rehearing granted.
433 Mich 908 (1989).

On rehearing, the Court of Appeals, WAHLS, P.J., and MC-
DONALD, J. (RILEY, J., dissenting), again reversed, holding that
the trial court's general finding of a valid waiver did not satisfy
the requirements of *People v Pasley*, 419 Mich 297 (1984), and
that the prosecutor did not exercise due diligence in locating
the missing complainant, thereby precluding the use of the
witness' preliminary examination testimony at trial. The Su-
preme Court, in lieu of granting leave to appeal, vacated the
judgment of the Court of Appeals and remanded to the Court of
Appeals, directing it to remand to the trial court for a determi-
nation whether the jury trial waiver was voluntary and to
retain jurisdiction to thereafter reassess whether the prose-
cutor showed that due diligence was employed to obtain the
presence of the missing witness at trial. 437 Mich 983 (1991).

On remand from the Court of Appeals, the trial court, after
reviewing the pretrial conference transcript and relying on its
recollection, found that the defendant's waiver of his right to a

jury trial to had been knowingly, voluntarily, and understandingly made.

After remand, the Court of Appeals *held:*

1. The requirements of *Pasley* have been met, and the trial court's finding of fact that the waiver was voluntary is not clearly erroneous.

2. Reversal is required, however, because the prosecution did not exercise due diligence in attempting to produce the missing witness at trial and the trial court therefore abused its discretion in admitting the witness' preliminary examination testimony.

Reversed.

REILLY, J., dissenting, stated that the prosecution did exercise due dilidgence and that the trial court did not abuse its discretion in admitting the witness' preliminary examination testimony.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Debra Gutierrez-McGuire*), for the defendant on appeal.

### AFTER REMAND

Before: WAHLS, P.J., and McDONALD and REILLY, JJ.

WAHLS, P.J. This case is before us for the third time. Defendant was convicted in a bench trial of two counts of armed robbery, MCL 750.529; MSA 28.797, and of possessing a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Our first opinion reversed defendant's convictions because of a lack of a record showing that defendant waived his right to a jury trial in open court. *People v James,* unpublished opinion

per curiam of the Court of Appeals, decided June 14, 1989 (Docket No. 99073). The Michigan Supreme Court subsequently remanded the case to this Court "for consideration as on rehearing granted." 433 Mich 908 (1989). On rehearing, this Court was provided with a transcript of the final pretrial conference, at which defendant waived his right to a jury trial. We again reversed, holding that the trial court's general finding of a valid waiver did not satisfy the requirements of *People v Pasley,* 419 Mich 297; 353 NW2d 440 (1984), and that the prosecutor did not exercise due diligence in locating a key missing witness, thereby precluding the use of the witness' preliminary examination testimony at trial. *People v James,* 184 Mich App 457; 458 NW2d 911 (1990). The Supreme Court subsequently directed us to remand the case to the trial court for a hearing to determine whether defendant's waiver was voluntary, 437 Mich 983 (1991), as suggested by Judge Reilly's dissenting opinion on rehearing. Following our remand to the trial court, the case is now again before us, and we again reverse.

At the hearing on remand regarding the voluntariness of the waiver, the trial court found that defendant's waiver of his right to a jury trial was made knowingly, voluntarily, and understandingly. The trial court's finding was based on review of the pretrial conference transcript and its memory of the waiver and recollection that it had intended to make such a finding in the first instance. The requirements of *Pasley, supra* at 302, have therefore been met, and we do not believe that the trial court's finding of fact is clearly erroneous. MCR 2.613(C). In his supplemental brief, filed after the hearing, defendant argues that the waiver was invalid because the trial court did not explain to him that a jury must reach a

unanimous verdict in order to convict him, while in a bench trial his fate would be decided by a single person. We disagree. Such advice is not required by case law, statute, or court rule, and the authorities upon which defendant relies are not persuasive. We hold that defendant's waiver of his right to a jury trial was made knowingly, voluntarily, and understandingly.

We reverse, however, because we maintain our belief that the prosecution did not exercise due diligence in attempting to produce witness Gregory Hinton at trial and that Hinton's preliminary examination testimony was erroneously admitted into evidence. The facts pertinent to this issue are discussed in our earlier published opinion. *James, supra* at 467-468. MRE 804(b)(1) allows the use of former testimony in a proceeding where the declarant of the testimony is unavailable as a witness. MRE 804(a)(5) states that a declarant is unavailable when the declarant "is absent from the hearing and the proponent of his statement has been unable to procure his attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown."

The test for due diligence is one of reasonableness, i.e., whether diligent good-faith efforts were made to procure the testimony, not whether more stringent efforts would have produced it. *Barber v Page,* 390 US 719, 724-725; 88 S Ct 1318; 20 L Ed 2d 255 (1968); *People v Conner,* 182 Mich App 674, 681; 452 NW2d 877 (1990).

In this case, our quarrel is not so much with the amount of effort expended by the prosecution to find Hinton, but the time at which the efforts were made. No efforts were made to locate Hinton until the first day of trial, the prosecutor having assumed that, because a subpoena had been mailed to Hinton three weeks before trial and had not

been returned, Hinton would appear.[1] However, there is no indication in the record that the prosecutor had any contact with Hinton for almost *3½ years* between the time of the preliminary examination and the time of trial. We believe that the passing of so long a period of time should place any reasonable prosecutor on notice that a witness may have changed residences or would otherwise become difficult to locate. The prosecutor's failure to take any action during this time undermines whatever degree of good faith we might otherwise be willing to afford. Further, the subpoena that was sent to Hinton was by return receipt requested. That the return card was never received by the prosecutor would support an assumption that the subpoena was *not* received by Hinton, not that he did, in fact, receive it. We continue to believe that the telephone calls made over the weekend after the trial began in an attempt to locate Hinton were inadequate. Because due diligence was not shown, Hinton's preliminary examination testimony, which was the only evidence at

[1] The Supreme Court order that instructed us to remand this case for a hearing on the waiver issue also ordered us to reassess our determination that the prosecutor did not act with due diligence and observed that MCR 2.503(C) and MCR 2.506(G)(2) do not limit a due diligence inquiry under MRE 804. Our previous published opinion had discussed these court rules in response to the prosecutor's argument that it was reasonable to simply mail the subpoena to Hinton and assume that he would appear. In response to the Supreme Court's directive, we note that MCR 2.503(C)(2) allows a trial court to grant an adjournment on the ground of unavailability of a witness *if* the court finds that the evidence is material *and* diligent efforts had been made to produce the witness. MCR 2.503(C)(2) does not appear to allow, as in this case, a midtrial adjournment to locate a witness where, as here, efforts to produce the witness before the motion to adjourn are not reasonable. Nonetheless, our prior published opinion did not consider MCR 2.503(C) or MCR 2.506(G)(2) to be a limitation on our assessment of the prosecutor's exercise of due diligence under MRE 804, nor do we now, as shown by our consideration of and dissatisfaction with the efforts made during the adjournment, efforts that were undoubtedly hindered by the prosecutor's failure to act for 3½ years before trial.

trial that identified defendant as the perpetrator, should not have been admitted, MRE 804, and the trial court's decision to the contrary was an abuse of discretion. The error was not harmless.

Reversed.

McDONALD, J., concurred.

REILLY, J., dissents from the finding of the majority that the trial court abused its discretion in allowing the use of Hinton's preliminary examination testimony at trial for the reasons stated in the original published opinion.