PEOPLE v COOK

Docket No. 251167. Submitted April 12, 2005, at Detroit. Decided May 5, 2005, at 9:10 a.m. Leave to appeal sought.

Elijah Cook was convicted following a bench trial in the Wayne Circuit Court of several felonies. The court, George W. Crockett, III, J., granted the defendant's posttrial motion for an evidentiary hearing pursuant to *People v Pearson*, 404 Mich 698 (1979), to determine the existence, extent, and remedy for any prejudice created by the prosecution's failure to produce two of its listed witnesses and failure to exercise due diligence to produce those witnesses. The prosecution sought leave to appeal. The Court of Appeals, in an unpublished order, entered May 21, 2003 (Docket No. 246640), denied leave to appeal. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeal for consideration, as on leave granted, whether the holding in *Pearson*, that a postjudgment evidentiary hearing is required when a prosecution fails to produce an endorsed res gestae witness, remains good law in light of the amendment of MCL 767.40a. 469 Mich 905 (2003).

The Court of Appeals *held*:

1. The *Pearson* holding no longer remains good law. In amending MCL 767.40a, the Legislature eliminated the prosecution's burden to locate, endorse, and produce unknown persons who might be res gestae witnesses. Instead, the prosecution must notify a defendant of all known res gestae witnesses and all witnesses the prosecution intends to produce, and it must provide law enforcement assistance to investigate and produce res gestae witnesses the defense requests. Because *Pearson* mandated hearings for the prosecution's breach of a duty that has been abolished in the amended statute, *Pearson* is no longer good law.

2. Because a *Pearson* hearing is no longer required for res gestae witnesses, and because the trial court, as fact-finder, determined that the defendant had not been prejudiced by the prosecution's failure to call the two witnesses, the trial court erred when it granted the defendant's motion for a *Pearson* hearing.

Reversed and remanded for further proceedings.

CRIMINAL LAW — RES GESTAE WITNESSES — PROSECUTION'S DUTY TO PRODUCE AT
   TRIAL.

    The prosecution must notify a defendant of all known res gestae
   witnesses and all witnesses it intends to produce and provide law
   enforcement assistance to investigate and produce the witnesses
   the defense requests; the prosecution does not have a general duty
   to locate, endorse, and produce all persons who might be res gestae
   witnesses (MCL 767.40a).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Carolyn M. Breen*, Assistant Prosecuting Attorney, for the people.

*Richard L. Cunningham* for the defendant on appeal.

Before: SAAD, P.J., and FITZGERALD and SMOLENSKI, JJ.

SAAD, P.J. The prosecution appeals the trial court's order that granted defendant an evidentiary hearing pursuant to *People v Pearson*, 404 Mich 698, 715; 273 NW2d 856 (1979). Our Supreme Court remanded this case to us to consider the question whether *Pearson* remains good law in light of the 1986 amendment of MCL 767.40a.[1] We hold that *Pearson* is no longer good

---

[1] MCL 767.40a, provides:

    (1) The prosecuting attorney shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers.

    (2) The prosecuting attorney shall be under a continuing duty to disclose the names of any further res gestae witnesses as they become known.

    (3) Not less than 30 days before the trial, the prosecuting attorney shall send to the defendant or his or her attorney a list of the witnesses the prosecuting attorney intends to produce at trial.

law in light of the statute, and, thus, we reverse.

I

The trial court convicted defendant on two counts of
assault with intent to commit murder and on one count
each of possession of a firearm during the attempt or
commission of a felony and possession of a firearm by a
convicted felon after a bench trial. The prosecution
failed to produce two witnesses who the prosecution
listed on its witness list and does not appear to have
attempted to strike those witnesses from the list pur-
suant to MCL 767.40a(4). The trial court concluded that
the prosecution failed to exercise due diligence to pro-
duce the two witnesses[2] and, further, took note of CJI2d

---

(4) The prosecuting attorney may add or delete from the list of
witnesses he or she intends to call at trial at any time upon leave
of the court and for good cause shown or by stipulation of the
parties.

(5) The prosecuting attorney or investigative law enforcement
agency shall provide to the defendant, or defense counsel, upon
request, reasonable assistance, including investigative assistance,
as may be necessary to locate and serve process upon a witness.
The request for assistance shall be made in writing by defendant
or defense counsel not less than 10 days before the trial of the case
or at such other time as the court directs. If the prosecuting
attorney objects to a request by the defendant on the grounds that
it is unreasonable, the prosecuting attorney shall file a pretrial
motion before the court to hold a hearing to determine the
reasonableness of the request.

(6) Any party may within the discretion of the court impeach or
cross-examine any witnesses as though the witness had been called
by another party.

[2] Here, the trial court conflated and confused case law that interpreted
the abolished res gestae witness rule, along with the related (and also
abolished) due diligence rule. As we will discuss in greater detail later, the

5.12,[3] which allows a fact-finder to draw an inference that the failure of the prosecution to produce res gestae witnesses means that the witnesses would have presented testimony harmful to the prosecution's case.[4]

After trial, defendant filed a motion for an evidentiary hearing pursuant to *Pearson*, in which case our Supreme Court held that where the prosecution fails to exercise due diligence to produce res gestae witnesses, a posttrial evidentiary hearing should be held to determine the existence, and extent, of prejudice, as well as an appropriate remedy. See *Pearson*, *supra* at 715. The trial court wrongly asserted that the prosecution's failure to produce the witnesses necessarily invited a negative inference. The trial court also opined that in a best-case scenario, the witnesses might have testified that someone other than defendant committed the crimes. However, the trial court further ruled that it

---

prosecution has neither the obligation to produce at trial, nor the obligation to call as a witness at trial, a res gestae witness. There are other rules of evidence, court rules, constitutional obligations, statutes, and ethical rules that deal with the obligations regarding the production of evidence, but MCL 767.40a imposes no duty to produce all res gestae witnesses.

[3] CJI2d 5.12 reads:

> [State name of witness] is a missing witness whose appearance was the responsibility of the prosecution. You may infer that this witness's testimony would have been unfavorable to the prosecution's case.

Because this case involved a bench trial, the instruction is inapplicable because the trial court presumably does not need to instruct itself.

[4] As we will discuss in greater detail later, the prosecution is no longer required to produce res gestae witnesses at trial. See *People v Burwick*, 450 Mich 281, 287-290;537 NW2d 813 (1995). However, if the prosecutor fails to call a listed witness and has failed to delete that witness from its witness list, see MCL 767.40a(4), it may nonetheless be appropriate for the trial court to read CJI2d 5.12. See *People v Perez*, 469 Mich 415, 420; 670 NW2d 655 (2003).

found the other witnesses credible and convicted defendant on the basis of their testimony. The trial court then inappropriately expressed its "abiding distaste" for the "new statute,"[5] but stated "[t]o the extent that there is the possibility that [defendant] was wrongfully convicted, I think the Court ought to ... require a hearing." The hearing itself has been stayed pending the outcome of this appeal.

This Court initially denied the prosecutor's delayed application for leave to appeal, but our Supreme Court, in lieu of granting leave to appeal, remanded to this Court for consideration, as on leave granted, of the issue "whether the holding in *Pearson* [*supra*], that a postjudgment evidentiary hearing is required when a prosecutor fails to produce an endorsed res gestae witness, remains good law in light of the Legislature's amendment of MCL 767.40a." *People v Cook*, 469 Mich 905 (2003).

.

II

Before it was amended in 1986, MCL 767.40a was interpreted to require the prosecution to locate, list, and produce at trial all persons, known or unknown, who might be res gestae witnesses. See *People v Burwick*, 450 Mich 281, 287-290;537 NW2d 813 (1995). Our Supreme Court in *Pearson* held that where a trial court ruled that the prosecution failed to produce a res gestae witness, and where the prosecution failed to exercise due diligence to locate the res gestae witness, a posttrial hearing should be held to determine the extent of any prejudice and, where necessary, an appropriate remedy for any prejudice caused by the prosecution's lack of due

---

[5] In reality, the current statutory provisions came about as the result of a 1986 amendment.

diligence. *Pearson, supra* at 715. However, after the 1986 amendment of MCL 767.40a, our Supreme Court held that the Legislature "eliminated the prosecutor's burden to locate, endorse, and produce unknown persons who might be res gestae witnesses . . . ." *Burwick, supra* at 289; see also *People v Perez*, 469 Mich 415; 670 NW2d 655 (2003). Instead, the prosecution must notify a defendant of all *known* res gestae witnesses and all witnesses that the prosecution *intends to produce.*[6] *Burwick, supra* at 289. "The prosecutor's duty to produce witnesses has been replaced with an obligation to provide notice of *known witnesses* and *reasonable assistance* to locate witnesses *on defendant's request." Id.* (emphasis added).

Because *Pearson* mandated hearings for the prosecution's breach of a duty that has been abolished in the amended MCL 767.40a, we hold, in answer to the question posed to us by our Supreme Court, that *Pearson* is no longer good law.[7] We further hold that an evidentiary hearing is no longer *required* simply be

---

[6]     The prosecuting attorney or investigative law enforcement agency shall provide to the defendant, or defense counsel, upon request, reasonable assistance, including investigative assistance, as may be necessary to locate and serve process upon a witness. The request for assistance shall be made in writing by defendant or defense counsel not less than 10 days before the trial of the case or at such other time as the court directs. If the prosecuting attorney objects to a request by the defendant on the grounds that it is unreasonable, the prosecuting attorney shall file a pretrial motion before the court to hold a hearing to determine the reasonableness of the request. [MCL 767.40a(5).]

[7] We note that there may be times when such a hearing may be appropriate. For example, MCL 767.40a(5) does require the prosecution to provide reasonable assistance in locating witnesses whose presence defendant specifically requests. A hearing of the type described by our Supreme Court in *Pearson* might be appropriate if the prosecution is found to have breached this duty.

cause the prosecution did not produce a res gestae witness.

Here, the trial court ordered a *Pearson* hearing. However, because we have already held that such hearings are no longer required, and because the trial court, which was also the fact-finder here, already determined on the record that defendant had not been prejudiced by the prosecution's failure to call the two listed witnesses, we hold that the trial court erred when it granted defendant's motion to a hearing pursuant to *Pearson*.

Reversed and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.