# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANGELO LASHAWN YOUNG, a/k/a ANGELO
YOUNG,

Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 317373
Wayne Circuit Court
LC No. 12-006938-FH

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Defendant was convicted of being a felon in possession of a firearm (felon-in-possession), MCL 750.224f, and was sentenced as a fourth habitual offender, MCL 769.12, to 9 months' to 10 years' imprisonment. Defendant appeals as of right, and we affirm.

## I. BACKGROUND

On July 4, 2012, Detroit Police Officers Jessica McDonald, DeRon Dotson, and Lamar Penn were on routine patrol when they observed a white 1993 Chevy van with a temporary license plate parked in front of a vacant house. At the time, defendant was walking across the grass toward the vacant house. Penn testified that he exited the police vehicle, and when defendant saw Penn, he tossed a handgun on the ground near the van and exclaimed, "Man, I got to, I got to carry a gun because this is the murder capital and I just witnessed a murder down the street." McDonald and Dotson then exited the police vehicle and McDonald handcuffed defendant. Penn testified that he immediately walked toward the van and retrieved the gun.

On November 21, 2012, defendant filed a motion to suppress the gun, arguing that the police improperly seized the weapon without a warrant. The court held evidentiary hearings on February 15, March 15, and March 28, 2013 to address defendant's motion to suppress. Dotson did not appear at any of the hearings. At the March 15 hearing, the prosecution stated that Dotson was unavailable because he had been shot and was on medical leave. The court determined the seizure fell within the plain view exception to the warrant requirement and denied defendant's motion to suppress.

At a pretrial hearing on April 11, 2013, defendant produced a picture that depicted Dotson on television on March 15, 2013. Defendant also produced a newspaper article that indicated Dotson testified at a court hearing in December 2012. At hearings on May 1 and May 24, 2013, the trial court discussed the production of Dotson's testimony for trial. At the May 1 hearing, defendant's attorney explained that an investigator attempted to serve a subpoena on Dotson at the police station, but was told Dotson was on disability leave. At both hearings, the prosecutor stated that she did not intend to use Dotson as a witness at trial because he did not arrest defendant or recover the handgun. Dotson did not appear at defendant's trial, and the jury convicted defendant of felon-in-possession.

## II. RES GESTAE WITNESS

Defendant first argues that his due process rights were violated when the prosecution did not produce Dotson as a witness at trial and the trial court did not offer the jury a missing witness jury instruction. We disagree.

Defendant did not preserve this issue for appellate review because he failed to request a missing witness jury instruction below. "A party must object or request a given jury instruction to preserve the error for review." *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000). We review unpreserved claims for plain error affecting substantial rights. *People v Grant*, 445 Mich 535, 552-553; 520 NW2d 123 (1994). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To prevail under the plain error standard, a defendant must demonstrate that the court's error affected the outcome of the trial court proceedings. *Id*.

Under MCL 767.40a(1), a prosecutor "shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers." Thereafter, and "[n]ot less than 30 days before the trial, the prosecuting attorney shall send to the defendant or his attorney a list of the witnesses the prosecuting attorney intends to produce at trial." MCL 767.40a(3). Regarding a prosecutor's responsibility to assist a defendant in securing witnesses, MCL 767.40a(5) provides the following:

> The prosecuting attorney . . . shall provide to the defendant, or defense counsel, upon request, reasonable assistance, including investigative assistance, as may be necessary to locate and serve process upon a witness. The request for assistance shall be made in writing by defendant or defense counsel not less than 10 days before the trial of the case or at such other time as the court directs. If the prosecuting attorney objects to a request by the defendant on the grounds that it is unreasonable, the prosecuting attorney shall file a pretrial motion before the court to hold a hearing to determine the reasonableness of the request.

A prosecutor must only "notify a defendant of all *known* res gestae witnesses and all witnesses that the prosecution *intends to produce*" at trial. *People v Cook*, 266 Mich App 290, 295; 702 NW2d 613 (2005). A prosecutor does not bear the burden to locate, endorse, and

produce every res gestae witness. *Id.* Rather, "[t]he prosecutor's duty to produce witnesses has been replaced with an obligation to provide notice of *known witnesses* and *reasonable assistance* to locate witnesses *on defendant's request.*" *Id.*

"A prosecutor who endorses a witness under MCL 767.40a(3) is obliged to exercise due diligence to produce that witness at trial." *People v Eccles*, 260 Mich App 379, 388; 677 NW2d 76 (2004). The prosecution exercises due diligence when it attempts to do everything reasonable, and not everything possible, to produce a witness at trial. *Id.* at 391. If the prosecutor fails to produce an endorsed witness without exercising due diligence, or fails to provide reasonable assistance to locate and serve process upon a witness at a defendant's request, the trial court should provide the jury with a missing witness jury instruction. *People v Perez*, 469 Mich 415, 420; 670 NW2d 655 (2003). A missing witness jury instruction informs the jury "that it may infer that the missing witness's testimony would have been unfavorable to the prosecution's case." *Eccles*, 260 Mich App at 388.

In this case, the prosecuting attorney was not obliged to exercise due diligence to secure Dotson as a witness at trial because she did not endorse Dotson as a witness under MCL 767.40a(3). The prosecution provided two trial witness lists in the lower court. In the original list, the prosecutor indicated that she intended to produce Penn and Detroit Police Sergeant Mike Jackson as witnesses at trial. In the second witness list, the prosecutor identified Penn, "and/or" McDonald, "and/or" Investigator Louresia Walker as witnesses for trial. The prosecutor did not endorse Dotson because she did not identify him as a witness she intended to call at trial. Therefore, the prosecutor was not required to exercise due diligence to secure Dotson's presence at trial. *Eccles*, 260 Mich App at 388.

Further, defendant did not supply a written request for the prosecutor to provide reasonable assistance to locate and serve process upon Dotson. A prosecutor is only required to assist a defendant in locating a witness if the defendant properly requests the assistance. *People v Snider*, 239 Mich App 393, 423; 608 NW2d 502 (2000); MCL 767.40a(5). The prosecutor was not obliged to assist defendant in securing Dotson's presence at trial, and was not required to exercise due diligence to produce an unendorsed witness. Accordingly, the trial court did not err in withholding a missing witness jury instruction from the jury. *Perez*, 469 Mich at 420.

III. MOTION TO SUPPRESS

Defendant next argues that the trial court erred in refusing to suppress the handgun recovered from the scene because the prosecutor failed to produce Dotson as a witness at the suppression hearings. We disagree.

We review a trial court's ruling on a defendant's motion to suppress de novo. *People v Henry (After Remand)*, 305 Mich App 127, 137; 854 NW2d 114 (2014). We review for clear error the trial court's factual findings and review de novo the underlying constitutional issues presented in a defendant's claim. *Id.*

Initially, a prosecutor's duty to produce an endorsed witness at trial does not extend to pretrial suppression proceedings. *Eccles*, 260 Mich App at 388. A prosecutor's duty to provide reasonable assistance upon request of the defendant to locate and serve a witness also only

-3-

applies to trial witnesses. See MCL 767.40a(5) (noting that the defendant has until 10 days before trial to request assistance from the prosecuting attorney). Therefore, the prosecution was not required to produce Dotson to testify at the hearings on defendant's motion to suppress.

In any event, the lower court properly denied defendant's motion to suppress. The United States and Michigan Constitutions protect an individual from unreasonable searches and seizures. *People v Champion*, 452 Mich 92, 97; 549 NW2d 849 (1996); US Const Am IV; Const 1963, art 1, § 11. A police search or seizure without a warrant is unreasonable per se, subject to established exceptions. *Champion*, 452 Mich at 98. "The plain view exception to the warrant requirement allows a police officer to seize items in plain view if the officer is lawfully in the position to have that view and the evidence is obviously incriminatory." *People v Galloway*, 259 Mich App 634, 639; 675 NW2d 883 (2003). The burden is on the prosecutor to show that the exception applies. *People v Jordan*, 187 Mich App 582, 589; 468 NW2d 294 (1991).

In this case, the trial court held three evidentiary hearings on defendant's motion to suppress. At the hearings, defendant presented no evidence indicating the officers were illegally present at the time Penn observed defendant toss the gun in the grass near the white van. The gun was in plain view because Penn was able to see it from where he was lawfully standing. Finally, the evidence was obviously incriminatory because Penn testified that he saw defendant toss the gun when defendant saw the police, and Penn heard defendant say, "Man, I got to, I got to carry a gun because this is the murder capital and I just witnessed a murder down the street." The trial court did not err in ruling the gun was admissible despite Dotson's absence from the suppression hearings.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola