# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRANDON WATERMAN,

Defendant-Appellant.

UNPUBLISHED
March 24, 2016

No. 324886
Wayne Circuit Court
LC No. 14-007377-FC

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

A jury convicted defendant of two counts of assault with intent to commit murder, MCL 750.83, carrying a dangerous weapon with unlawful intent, MCL 750.226, and possession of a firearm during the commission of a felony MCL 750.227b. The trial court sentenced defendant to concurrent prison terms of 100 to 240 months each for the assault convictions, and 30 to 60 months for the carrying a dangerous weapon conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction. Defendant appeals as of right. For the reasons set forth in this opinion, we affirm.

Defendant was convicted of assaulting John Martines and Palar Maclin with a firearm in their Detroit neighborhood on May 5, 2014. The prosecutor presented evidence that defendant and his associate, Jose Quinones, summoned Martines from his car and confronted him about accusing the two men of being involved in a neighborhood robbery. Ultimately, defendant opened fire on Martines and Maclin as they were entering Martines' car, shattering the rear window. Defendant fired additional shots, and Maclin was shot in the hand before Martines managed to drive away. The defense denied that defendant was the shooter.

On appeal, defendant argues that the trial court abused its discretion in finding that the prosecution exercised due diligence to secure Maclin's presence at trial, which led to the improper use of Maclin's preliminary examination testimony. We disagree.

MRE 804(b)(1) permits a court to introduce a witness's former testimony given at a prior hearing if the witness is unavailable for trial and the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. A witness is unavailable to testify if the witness "is absent from the hearing and the proponent of a statement has been unable to procure the [witness's] attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown." MRE 804(a)(5). In

-1-

determining whether due diligence has been shown, a prosecutor's efforts to secure a witness must be considered in light of "the facts and circumstances of [the] case." *People v Bean*, 457 Mich 677, 684; 580 NW2d 390 (1998). The test, being one of reasonableness, is "whether diligent good-faith efforts were made to procure the testimony, not whether more stringent efforts would have produced it." *Id.*; see also *People v James (After Remand)*, 192 Mich App 568, 571; 481 NW2d 715 (1992). A trial court's decision regarding whether due diligence was exercised to produce a witness is reviewed for an abuse of discretion. *Bean*, 457 Mich at 684. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013).

The record discloses that the prosecutor had been aware of Maclin's location throughout the proceedings. He successfully procured Maclin's testimony for defendant's preliminary examination, which occurred less than two months before defendant's trial. Maclin also testified at the related trial of defendant's father only weeks before defendant's trial. For defendant's trial, Maclin was personally served with a subpoena within two weeks of trial, accepted service of the subpoena, and signed a notice of receipt. The prosecutor spoke to Maclin by phone less than a week before trial. The prosecutor also arranged for a cab to transport both Maclin and another witness to court for trial.

The record supports the prosecutor's declaration that he fully expected Maclin to come to court in compliance with the subpoena. When Maclin did not appear, the prosecutor called her, using the same phone number that was active less than a week earlier, but the phone had been disconnected. After the trial court signed a witness detainer for Maclin, the prosecutor contacted a police lieutenant and a special operations officer, which resulted in two separate units deploying people to search for Maclin. The trial court found that "it's clear she is trying to avoid coming to Court." Due diligence is the attempt to do everything reasonable, not everything possible, to obtain the presence of the witness for trial. *People v Cummings*, 171 Mich App 577, 585; 430 NW2d 790 (1988). Under these circumstances, the trial court did not err in finding that the prosecutor made reasonable efforts to secure Maclin's attendance. Accordingly, the trial court did not abuse its discretion in finding that Maclin was unavailable and, therefore, permitting the use of her preliminary examination testimony.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello