COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON JAMES STRONG,

        Defendant-Appellant.

UNPUBLISHED
June 14, 2016

No. 325031
Wayne Circuit Court
LC No. 14-002270-FC

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right his bench trial convictions for assault with intent to do great bodily harm less than murder, MCL 750.84, assault with intent to maim, MCL 750.86, and felonious assault, MCL 750.82. He was sentenced to concurrent sentences of 30 months to 10 years for the assault with intent to commit great bodily harm conviction, 30 months to 10 years for the assault with intent to maim conviction, and 2 to 4 years for the felonious assault conviction. We affirm.

The only issue on appeal is whether the trial court abused its discretion by allowing the prosecution to delete from its witness list an endorsed witness, James Seiler. Defendant contends that Seiler was a crucial eyewitness, and that his daughter's testimony as to Seiler's inability to attend trial for medical reasons was that of a lay witness that was biased and uncorroborated. Defendant argues that the prosecution did not make a sufficient showing that Seiler was physically or medically unable to attend the trial. MRE 804(a)(4).

The trial court's determination of whether a witness is "unavailable" under MRE 804(a) will not be disturbed on appeal unless a clear abuse of discretion is shown. *People v Bean*, 457 Mich 677, 684; 580 NW2d 390 (1998). An abuse of discretion will be found only if the trial court's decision falls outside the range of reasonable and principled outcomes. *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013).

In support of his argument defendant relies upon the holdings of *People v Dye*, 431 Mich 58; 427 NW2d 501 (1988), *Bean*, 457 Mich 677, and *People v James (After Remand)*, 192 Mich App 568; 481 NW2d 715 (1992), but those cases are not helpful to a resolution of this case because each involved either a confrontation clause issue, or the admission of a preliminary exam transcript under MRE 804. See *Dye*, 431 Mich at 64-67, 89, 98-99 (the Supreme Court held that the defendant's constitutional right to confront his accusers was not violated by the use

of preliminary examination testimony as substantive evidence at his re-trial if the prosecution exercised due diligence to produce the absent witness and the testimony bore adequate indicia of reliability); *Bean*, 457 Mich at 684-690 (the Supreme Court held under MRE 804(a) that the preliminary examination transcript of a jury could not be read to the jury in part because the witness was a key witness in the prosecution's case against the defendant and the prosecution had not exercised due diligence in producing his presence at trial), and *James (After Remand)*, 192 Mich App at 572 (this Court held under MRE 804 that the "prosecutor's failure to take any action during [a recess in the trial] undermines whatever degree of good faith we might otherwise be willing to afford," and that the efforts made by the prosecution did not demonstrate due diligence).

As defendant recognizes, this was not a case where the prosecution could not locate the witness and asked that the witnesses' prior testimony be read to the court.[1] Thus, as the trial court noted during the trial on November 4, 2014, MRE 804(a)(4) does not come into play, and so of course neither do the cases applying that rule. Instead, the proper question—and the one decided by the trial court—is whether there was good cause to allow the prosecution to delete Seiler from its witness list. See MCL 767.40a(4), *People v Perez*, 469 Mich 415, 420; 670 NW2d 655 (2003), and *People v Cook*, 266 Mich App 290, 295; 702 NW2d 613 (2005). Defendant has not provided any argument addressing the "good cause" standard, other than to argue the "unavailability" standard under the inapplicable MRE 804. We therefore can affirm on that ground alone. See *People v McGraw*, 484 Mich 120, 131 n 36; 771 NW2d 655 (2009).

Nevertheless, there is no dispute that the prosecutor complied with the statute by seeking leave of the court to delete Seiler from its witness list, MCL 767.40a(4). And, we conclude that the trial court did not abuse its discretion in allowing the prosecution to delete Seiler from its witness list as good cause was established through the testimony of Robin Strong. At the conclusion of Robin Strong's testimony on July 22, the prosecutor was granted permission to question Robin about her father's absence from trial. At that time Robin testified that Seiler (who was 82) had been taken to the hospital the week before, was dehydrated, had a virus, and was weak. As a result he was not, according to Robin, able to come to court. Defendant cross examined Robin on this issue, and established that although Seiler was in the hospital overnight the week before, he was not currently dehydrated.

Prior to issuing its verdict on November 4, the court found that, based on Robin's testimony and the argument of counsel, Seiler was an "over 80-year-old frail man who has medical conditions" that made it impossible for him to come to court. Though it would have been preferable for the trial court to have obtained some independent and objective evidence as

---

[1] Indeed, *both* parties knew the whereabouts of James Seiler the entire time trial was occurring, and both parties listed him as a witness. In addition, there is a serious question whether this issue was waived, as on July 22, at the conclusion of the prosecution's proofs, the parties stipulated that the remaining endorsed witnesses were waived.

to Seiler's condition on November 4,[2] the trial court's reliance on Robin's testimony and the representations of the prosecutor that Seiler was too frail to come to court and testify was not unreasonable, especially when defendant did not produce any evidence that put into question Robin's testimony.[3] And, the fact that Robin was also the victim was patently clear to the trial court, and could have been taken into account in its ruling on this issue. As such, and in light of the great deference given to the trial court, we cannot conclude that the trial court abused its discretion in allowing the prosecution to delete Seiler as a witness.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

---

[2] Were this issue governed by the standards of MRE 804, the trial court's reliance on evidence of Seiler's condition in July, for its conclusion in November, may have been problematic. See *Duncan*, 494 Mich at 726.

[3] Although defendant argued that Seiler's presence was required because he could give beneficial testimony concerning defendant's reaction to the loss of his grandmother which in turn contributed to his mental illness disorder, there was considerable testimony from both Robin and Amber (Robin's daughter) affirming that the loss of his grandmother was very detrimental to defendant and that his behavior had changed following her death. There was also expert testimony concerning defendant's mental disorders. Additionally, Seiler's testimony as to the assault would be cumulative to Robin and Amber's testimony, especially since there is no dispute that Seiler did not witness the entire assault.