# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

UNPUBLISHED
November 22, 2016

v

No. 328280
Calhoun Circuit Court
LC No. 2014-002833-FC

CHRISTOPHER LEON FELTON,

     Defendant-Appellant.

Before: BECKERING, P.J., and HOEKSTRA and OWENS, JJ.

PER CURIAM.

Defendant, Christopher Leon Felton, appeals as of right his jury trial convictions of first-degree felony murder, MCL 750.316(1)(b); armed robbery, MCL 750.529; and first-degree home invasion, MCL 750.110a(2). The trial court sentenced him to life without parole for his first-degree felony murder conviction and to life with the possibility of parole for his armed robbery and home invasion convictions. We affirm.

This case arises out of a nighttime robbery at the home of the victim, Allyn Reeve, which resulted in Reeve being fatally shot in the chest. At the time of the robbery, Reeve lived with Bradley Launder, who grew medical marijuana in the basement of the house. Defendant was implicated in the robbery, along with Ghermell Jaques Bolden-Japrice, who was convicted of armed robbery and first-degree home invasion in a separate jury trial and whose appeal is pending before this Court.[1] The handgun used in the fatal shooting was ultimately recovered and positively linked to defendant by way of DNA evidence, and the magazine cartridge found with and matched to the handgun was also linked to defendant by way of fingerprint evidence. The victim's blood was also found on shoes linked to defendant.

Defendant's sole claim on appeal is that the trial court abused its discretion in finding that the prosecution exercised due diligence in attempting to secure the presence at trial of two

---

[1] Docket No. 328281.

witnesses, Ashley VanVleet[2] and Susan Merchant.[3] MCL 767.40a "imposes a continuing duty on the prosecutor to advise the defense of all res gestae witnesses that the prosecution intends to produce at trial." *People v Canales*, 243 Mich App 571, 577; 624 NW2d 439 (2000). When the prosecution endorses a witness under MCL 767.40a(3), it is "obliged to exercise due diligence to produce that witness at trial." *People v Eccles*, 260 Mich App 379, 388; 677 NW2d 76 (2004). "The test for due diligence is one of reasonableness, i.e., whether diligent good-faith efforts were made to procure the testimony, not whether more stringent efforts would have produced it." *People v James (After Remand)*, 192 Mich App 568, 571; 481 NW2d 715 (1992). If the trial court determines that the prosecution did not exercise due diligence to secure the presence of a listed witness, then the missing witness jury instruction, M Crim JI 5.12 (formerly CJI2d 5.12), may be appropriate. *People v Perez*, 469 Mich 415, 420; 670 NW2d 655 (2003).

Whether the prosecution exercised due diligence to produce a witness depends on the facts and circumstances of each case. *People v Bean,* 457 Mich 677, 684; 580 NW2d 390 (1998). This Court reviews the trial court's findings of fact for clear error. *People v Lawton,* 196 Mich App 341, 348; 492 NW2d 810 (1992). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Lanzo Constr Co,* 272 Mich App 470, 473; 726 NW2d 746 (2006). "This Court reviews a trial court's denial of a request for a 'missing witness' instruction for an abuse of discretion." *People v Snider,* 239 Mich App 393, 422; 608 NW2d 502 (2000).

Shortly before the prosecution rested, the prosecutor brought to the trial court's attention that, although subpoenaed for trial, VanVleet had failed to appear in court. The trial court granted the prosecution's request for an arrest warrant and detainers for both Merchant and VanVleet, neither of whom appeared or testified at trial. Following the close of proofs, the parties discussed jury instructions with the trial court, and defendant asked the court to give the "missing witness" instruction with regard to VanVleet and Merchant. No witnesses testified to the efforts made to procure VanVleet's or Merchant's presence at trial; rather, the prosecutor simply stated to the court what efforts had been undertaken.

With respect to Merchant, the trial court concluded that the prosecution's failure to produce her did not prejudice the defense because the record revealed that Merchant had nothing relevant to say regarding defendant. Rather, her statement, which she had already recanted, pertained to Bolden-Japrice. The trial court commented regarding the prosecution's apparent difficulties in serving Merchant because she was such a hostile witness, and remarked that it was not sure what else could have been done. Rather than make an explicit finding regarding

---

[2] VanVleet lived in the house across the street from the incident. Her testimony regarding defendant's role in the crime was expected largely to corroborate that of another key witness for the prosecution, Katie Bond.

[3] Merchant was the girlfriend of defendant's cohort, Bolden-Japrice. According to defendant, Merchant initially provided an alibi for Bolden-Japrice during a police interview, which she then recanted. Defendant asserts that Merchant was clearly a hostile witness and the prosecution should have anticipated her lack of cooperation at trial.

whether the prosecution had exercised due diligence, the court concluded that "even aside from the due diligence issue I don't find there to be prejudice to the Defense by her failing to answer her subpoena."

With respect to VanVleet, the trial court explicitly found that the prosecutor had exercised due diligence in attempting to procure her presence at trial. In so finding, the trial court clearly relied on representations made by the prosecutor about the various efforts of other people to procure VanVleet's attendance at trial. With regard to possible prejudice to defendant caused by VanVleet's failure to appear, the court noted that she apparently had information relevant to defendant, although from VanVleet's prior statements, the court surmised that it was "nothing helpful" and was largely corroborative of Katie Bond's testimony. Thus, the trial court concluded that defendant was not "sufficiently prejudiced by the non-appearance of Miss VanVleet to—such that the failure—the Prosecution's failure to produce should entitle the defendant to a missing witness instruction."

Given the absence of a due diligence hearing in this matter, see *Eccles*, 260 Mich App at 389, we cannot determine with certainty what efforts the prosecution made to produce VanVleet and Merchant for trial. However, evidence in the trial court record does not demonstrate that defendant suffered any actual prejudice by the failure of Merchant or VanVleet to testify. "A new trial is not automatically warranted simply because the prosecution has failed to exercise due diligence in the production of a missing res gestae witness. The key issue in determining the proper remedy for the defendant . . . is whether the defendant is prejudiced." *People v Pearons*, 404 Mich 698, 724; 273 NW2d 856 (1979), superseded in part on other grounds, MCL 767.40a. Defendant does not indicate to what Merchant or VanVleet would have testified; he merely jumps to the unexplained and unsupported conclusion that, had the jury been informed they could infer the witnesses' testimony would have been unfavorable to the prosecution, "there was a reasonable probability the jury could have found [defendant] guilty of either voluntary or involuntary manslaughter, or accidental death, given the nature of the evidence presented."

A harmless error review applies to a defendant's claims that the prosecution did not abide by its duty to produce witnesses under MCL 767.40a and that the trial court abused its discretion in fashioning a remedy. *Duenaz*, 306 Mich App 85, 104-105; 854 NW2d 531 (2014). Preserved, nonconstitutional errors are presumed harmless and must be rebutted by a showing that the error resulted in a miscarriage of justice. *People v Lukity*, 460 Mich 484, 493, 495; 596 NW2d 607 (1999), citing MCL 769.26.

> In order to overcome the presumption that a preserved nonconstitutional error is harmless, a defendant must persuade the reviewing court that it is more probable than not that the error in question was outcome determinative. An error is deemed to have been "outcome determinative" if it undermined the reliability of the verdict. In making this determination, the reviewing court should focus on the nature of the error in light of the weight and strength of the untainted evidence. [*People v Elston*, 462 Mich 751, 766; 614 NW2d 595 (2000) (citations omitted).]

In this case, assuming for the sake of analysis that the trial court clearly erred by finding that the prosecution had exercised due diligence in attempting to bring the witnesses to trial, and

further assuming that the court abused its discretion by refusing to give the missing witness instruction, defendant still has not shown that the trial court's error was outcome determinative, given the overwhelming evidence of his guilt. Bond testified that she was with defendant and Bolden-Japrice on the evening of the incident at VanVleet's house, where she witnessed Bolden-Japrice say he wanted to "hit a lick," meaning to rob someone. VanVleet then helped defendant and Bolden-Japrice put on dark T-shirts and fashion facemasks. As defendant and Bolden-Japrice headed out the door, defendant began to make adjustments to the front of himself; Bond testified that she did not see what defendant had in his pants, but it appeared to her to be a foreign object. According to Bond, defendant said a week earlier that Bolden-Japrice "needed a gunman." Approximately 10 to 15 minutes after they left VanVleet's house, Bond, who by that time was standing on the front porch of the house, heard a gunshot, looked up, and saw defendant and Bolden-Japrice running in different directions from the victim's home. Moreover, given the forensic DNA, fingerprint, and ballistic evidence supporting defendant's conviction, defendant cannot demonstrate that it was more probable than not that the trial court's assumed error was outcome determinative. *Elston*, 462 Mich at 766.

Affirmed.


/s/ Jane M. Beckering
/s/ Joel P. Hoekstra
/s/ Donald S. Owens