# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LAMONT DALVON HODGES,

        Defendant-Appellant.

UNPUBLISHED
January 31, 2017

No. 328735
Wayne Circuit Court
LC No. 14-007697-FH

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

Following a bench trial, the court convicted defendant of felon in possession of a firearm, MCL 750.224; carrying a concealed weapon (CCW), MCL 750.227; possession of marijuana, MCL 333.7403(2)(d); and felony-firearm, MCL 750.227b. We affirm.

Defendant was arrested by two Detroit Transit Corporation police officers who approached him at the 360 Rosa Parks Transit Center while he was rolling a marijuana cigarette. One officer testified that as he walked toward defendant, he asked defendant to put his hands up and "keep them where I could see them." Instead, defendant reached toward the right pocket of his sweatshirt, and the officer put a hand on defendant to restrain him. As he was restraining defendant, a firearm apparently fell out of the pocket of defendant's sweatshirt and was recovered from the ground. While searching defendant following his arrest, the officers discovered 17 baggies of marijuana in the pocket of his sweatshirt.

Defendant argues that the search that led to the discovery of the firearm and marijuana was illegal because the officers did not have a reasonable suspicion that criminal activity was afoot, pursuant to *Terry v Ohio*, 392 US 1, 30; 88 S Ct 1868; 20 L Ed 2d 889 (1968). Therefore, defendant asserts that the trial court erred when it admitted the firearm and marijuana because they were fruit of the illegal search. Defendant also argues that he was denied his due process rights when the prosecution failed to produce several res gestae witnesses. We hold that the trial court did not err by admitting the evidence, that counsel did not provide ineffective assistance, and that defendant has not shown that his constitutional rights were violated by any action or failure to act by the prosecutor.

## I. SEIZURE

-1-

Defendant argues that the officers lacked reasonable suspicion to stop him because when they approached him from behind, they merely saw him rolling a cigarette, which is not illegal. Defendant claims that "[i]t would have been impossible" to identify that the material being used was marijuana rather than legal tobacco. We disagree.

In *People v Jenkins*, 472 Mich 26; 691 NW2d 759 (2005), our Supreme Court held that "[u]nder certain circumstances, a police officer may approach and temporarily detain a person for the purpose of investigating possible criminal behavior even though there is no probable cause to support an arrest." *Id.* at 32, citing *Terry*, 392 US at 22. The Court further stated that

> [a] brief detention does not violate the Fourth Amendment if the officer has a reasonably articulable suspicion that criminal activity is afoot. Whether an officer has a reasonable suspicion to make such an investigatory stop is determined case by case, on the basis of an analysis of the totality of the facts and circumstances. A determination regarding whether a reasonable suspicion exists must be based on commonsense judgments and inferences about human behavior. [*Id.* (quotation marks and citations omitted).]

Here, Officer Robert McArthur testified that he approached defendant from defendant's *side*, not from the rear.[1] Further, he testified that he was only about five or six feet away from defendant when he observed him "rolling what appeared to be a marijuana cigarette." McArthur also stated that during his lengthy career in law enforcement, he had seen marijuana numerous times, including while working with the Drug Enforcement Agency and the narcotics division of the Inkster Police Department. Based on his experience, the officer recognized the substance in defendant's possession as marijuana because of its green, rather than brown (like tobacco) color. Thus, contrary to defendant's assertion on appeal, McArthur did not approach defendant from behind—thus, he was able to clearly see defendant roll his cigarette. Moreover, the evidence shows that McArthur possessed sufficient knowledge to be able to distinguish between tobacco and marijuana from a short distance away. Accordingly, we hold that the facts were sufficient to raise a reasonable suspicion in Officer McArthur's mind in order for him to conduct an investigatory stop of defendant and that the seized marijuana and handgun were not the fruit of an illegal search.[2]

## II. RES GESTAE WITNESSES

Defendant argues that he was deprived of his rights to due process and compulsory process by the prosecution's failure to assist the defense in producing res gestae witnesses—individuals who were allegedly present during and after defendant's arrest. Defendant testified

---

[1] Officer McArthur's partner, Officer Charles Corley, testified that *he* approached defendant from the rear.

[2] Defendant's alternate argument that his trial counsel was ineffective for failing to raise this issue at the trial court also fails because counsel is not ineffective for failing to raise a meritless issue. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

that some of his "associates," as well as several strangers, were present before and during his arrest. Defendant now argues that the prosecutor violated his rights by failing to disclose the identities of these witnesses to the defense or to assist the defense in identifying and producing them. We disagree. We review this unpreserved claim of error for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 760, 763-764; 597 NW2d 130 (1999).

Under Michigan law, after the amendment of MCL 767.40a in 1986, the prosecutor is no longer required to produce all res gestae witnesses. *People v Cook*, 266 Mich App 290, 294-295; 702 NW2d 613 (2005). Rather,

> the prosecution must notify a defendant of all *known* res gestae witnesses and all witnesses that the prosecution *intends to produce*. The prosecutor's duty to produce witnesses has been replaced with an obligation to provide notice of known witnesses and reasonable assistance to locate witnesses *on defendant's request*. [*Id.* at 295 (quotation marks, citations, footnote, and some emphasis omitted).]

Therefore, a prosecutor's obligations can be broken down into three parts: (1) duty to notify a defendant of all known res gestae witnesses, (2) a duty to notify a defendant of the witnesses it intends to produce at trial, (3) a duty to provide assistance in locating witnesses upon request by a defendant.

Here, none of prosecution's duties was implicated such that it had to identify, produce, or help produce any of the alleged witnesses. There is nothing in the record to indicate that the prosecutor was aware of any res gestae witnesses. Also, none of the alleged witnesses were endorsed by the prosecutor. Finally, while the prosecutor would have been obligated to assist defendant in locating these witnesses if he had asked for such assistance, there is no evidence that defendant ever made such a request. Accordingly, defendant has failed to establish any plain error, and his claim fails.

Affirmed.


/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad

-3-