**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED NOVEMBER 4, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                        No. 123748

ANGEL LUIS PEREZ, SR.,

    Defendant-Appellant.

_____

**PER CURIAM**

Defendant appealed his conviction for criminal sexual conduct in the second degree, alleging that the circuit court should have given the missing-witness instruction, CJI2d 5.12.[1] The Court of Appeals properly affirmed defendant's conviction. In doing so, however, it

[1] The jury instruction states that "_____ is a missing witness whose appearance was the responsibility of the prosecution. You may infer that this witness's testimony would have been unfavorable to the prosecution's case."

incorrectly stated that this jury instruction *never* needs to be given.  We write to correct that misstatement.

## I.  BACKGROUND

Defendant was arrested in 1997 and charged with four counts of first-degree criminal sexual conduct, MCL 750.520b.  A jury subsequently found him guilty of four counts of a lesser offense, second-degree criminal sexual conduct, MCL 750.520c, but the Court of Appeals reversed these convictions and remanded for a new trial.[2]

Following the remand to the circuit court, the prosecuting attorney prepared to try defendant on four counts of the reduced offense.  The prosecutor obtained the trial court's consent to add Dr. Eledwina Dy as a witness and to call her to testify at trial.  Dr. Dy had examined the thirteen-year-old victim and would testify that she found evidence of sexual penetration.

The trial date was adjourned once because Dr. Dy was in the Philippines and unavailable to testify.  As the rescheduled date approached, the prosecutor confirmed that Dr. Dy was still out of the country.  The prosecutor told defendant this before trial and stated that he did not

---

[2] Unpublished opinion per curiam, issued February 18, 2000 (Docket No. 214190).

2

intend to request a second adjournment. Likewise, defendant did not request an adjournment.

As a result, the trial proceeded without Dr. Dy's testimony. Before the case was submitted to the jury, defendant asked the trial court to read CJI2d 5.12, which would instruct the jury that the prosecutor was responsible for securing Dr. Dy's appearance and that it could infer that her testimony would be adverse to the prosecution's case. The trial court denied this request. Defendant was subsequently convicted by the jury of one count of CSC-II, and acquitted on the other three counts.

On appeal, defendant argued, inter alia, that the trial court erred in denying his request for the missing-witness instruction. The Court of Appeals rejected this argument.[3] It pointed out that defendant failed to address how the prosecutor could have forced the witness to return to the United States from a foreign country and also noted that it did not appear that the witness would have offered testimony helpful to defendant. 255 Mich App 707. Further, the Court of Appeals added that, in light of the 1986 amendments of MCL 767.40a and this Court's opinion in *People v Burwick*, 450 Mich 281; 537 NW2d 813 (1995), it did

"not believe that CJI2d 5.12 remains a viable instruction."

255 Mich App 708.  For these reasons, the Court concluded

that the trial court did not err in declining to give the

missing-witness instruction.

Defendant now seeks leave to appeal to this Court.

## II.  STANDARD OF REVIEW

Questions of law, including questions of the

applicability of jury instructions, are reviewed de novo.

*People v Gonzalez*, 468 Mich 636, 641; 664 NW2d 159 (2003).

## III.  ANALYSIS

The 1986 amendments of MCL 767.40a altered a

prosecutor's duty to produce witnesses at trial. Before

1986, the statute plainly imposed on a prosecutor the duty

to list all res gestae witnesses on the information and to

produce them at trial.  *People v Koonce*, 466 Mich 515, 520;

648 NW2d 153 (2002).  When the prosecutor did not satisfy

this statutory obligation, the missing-witness instruction

was available to address the situation.

The Legislature amended the statute in 1986.[4]  With the

amendments, the Legislature replaced the prosecutor's duty

---

[3] 255 Mich App 703; 662 NW2d 446 (2003).

[4] As amended in 1986, MCL 767.40a states:

4

(1) The prosecuting attorney shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers.

(2) The prosecuting attorney shall be under a continuing duty to disclose the names of any further res gestae witnesses as they become known.

(3) Not less than 30 days before trial, the prosecuting attorney shall send to the defendant or his or her attorney a list of the witnesses the prosecuting attorney intends to produce at trial.

(4) The prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial any time upon leave of the court and for good cause shown or by stipulation of the parties.

(5) The prosecuting attorney or investigative law enforcement agency shall provide to the defendant, or defense counsel, upon request, reasonable assistance, including investigative assistance, as may be necessary to locate and serve process upon a witness. The request for assistance shall be made in writing by defendant or defense counsel not less than 10 days before the trial of the case or at such other time as the court directs. If the prosecuting attorney objects to a request by the defendant on the grounds that it is unreasonable, the prosecuting attorney shall file a pretrial motion before the court to hold a hearing to determine the reasonableness of the request.

(6) Any party may within the discretion of the court impeach or cross-examine any witnesses as though the witness had been called by another party.

5

to produce res gestae witnesses with "an obligation to provide notice of known witnesses and reasonable assistance to locate witnesses on defendant's request." *Burwick*, 450 Mich 289. As we summarized in *Burwick*:

> The Legislature has thus eliminated the prosecutor's burden to locate, endorse, and produce *unknown* persons who might be res gestae witnesses and has addressed defense concerns to require the prosecution to give initial and continuing notice of all *known* res gestae witnesses, identify witnesses the prosecutor intends to produce, and provide law enforcement assistance to investigate and produce witnesses the defense requests. [*Id.* (emphasis added).]

This change in the scope of the prosecutor's duty to produce witnesses at trial gave rise to questions about the continued viability of CJI2d 5.12.[5] The Court of Appeals examined the amended statute and our analysis of that statute in *Burwick*, and concluded that CJI2d 5.12 had outlived its usefulness. 255 Mich App 708.

While we agree with the Court of Appeals that the trial court did not err in rejecting defendant's request for CJI2d 5.12 in this case, we do not agree with the Court's broader conclusion that there remains "no justification" for such an instruction. 255 Mich App 710.

---

[5] For example, the "Use Note" following CJI2d 5.12 notes that it "is unclear what impact the 1986 amendments to the res gestae rule will have on this instruction."

6

Nothing in MCL 767.40a or *Burwick* forecloses the possibility of a situation arising in which it would be appropriate to read this instruction.

For example, MCL 767.40a(4) permits a prosecutor to add or delete from the list of trial witnesses only "upon leave of the court and for good cause shown or by stipulation of the parties." Accordingly, CJI2d 5.12 may be appropriate if a prosecutor fails to secure the presence at trial of a listed witness who has not been properly excused. Likewise, MCL 767.40a(5) requires the prosecutor to provide the defendant, upon request, "reasonable assistance, including investigative assistance, as may be necessary to locate and serve process upon a witness." Accordingly, if a prosecutor falls short of providing such assistance, it might be appropriate to instruct a jury that the missing witness would have been unfavorable to the prosecution. There may be other occasions that warrant the jury instruction; in every instance, the propriety of reading CJI2d 5.12 will depend on the specific facts of that case.

## IV. CONCLUSION

For this reason, we affirm that part of the Court of Appeals opinion holding that the trial court did not err in omitting CJI2d 5.12, but vacate that part of the opinion

7

holding that there is no justification for the continued viability of this jury instruction. In all other respects, leave to appeal is denied. MCR 7.302(G)(1).

Maura D. Corrigan
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

8