# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

AUNDRE RASHAD WOODLAND,

      Defendant-Appellant.

UNPUBLISHED
December 30, 2014

No. 317384
Wayne Circuit Court
LC No. 12-010753-FC

---

Before: MURRAY, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of conspiracy to commit assault with intent to commit murder under MCL 750.157a and MCL 750.83. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

The jury convicted defendant of conspiring with an unidentified gunman to assault the victim, with the intent to murder him, after the victim and two other individuals ("the Starks") confronted defendant in the apartment of the victim's girlfriend. The victim testified that he had an on-again, off-again relationship with his girlfriend, who was also the mother of his child. During the early morning hours of July 4, 2010, the victim went to his girlfriend's apartment with the Starks to pick up some clothes. He found defendant inside the apartment and assaulted him. Defendant left the apartment, but returned approximately 15 to 20 minutes later and knocked on the front door. After the victim answered the door, defendant backed away from the door in a fighting stance. As the victim walked toward him, a man with a shotgun emerged from some bushes and shot the victim multiple times.

At trial, the jury heard testimony from the victim, his erstwhile girlfriend, and police officers involved in the investigation. Neither of the Starks testified at trial. The victim and a Detroit Police officer both testified that they attempted to locate the Starks, but were not able to do so. The trial court denied defendant's request for a missing witness instruction under CJI2d 5.12,[1] with respect to the absence of the Starks.

---

[1] CJI2d 5.12 provides:

-1-

On appeal, defendant argues that his counsel gave him ineffective assistance because she did not: (1) investigate the potential testimony of the Starks; and (2) ask for the prosecution's assistance in locating the Starks before she requested a missing witness instruction.

## II. ANALYSIS[2]

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant must establish that his lawyer's performance fell below an objective standard of reasonableness *and* that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Vaughn,* 491 Mich 642, 669; 821 NW2d 288 (2012). Counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 670. An attorney's decisions regarding whether to call a witness are matters of trial strategy. *People v Horn,* 279 Mich App 31, 39; 755 NW2d 212 (2008). A strategic choice made after less than a complete investigation may constitute deficient performance. *People v Trakhtenberg,* 493 Mich 38, 52; 826 NW2d 136 (2012). Defense counsel has a duty to make a reasonable investigation or to reasonably decide that a particular investigation is unnecessary. *Id.*

### 1. WITNESS TESTIMONY

The failure to present a witness constitutes ineffective assistance of counsel only where the defendant is deprived of a substantial defense. *People v Payne,* 285 Mich App 181, 190; 774 NW2d 714 (2009). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Kelly,* 186 Mich App 524, 526; 465 NW2d 569 (1990).

Here, defendant wrongly claims that the Starks' absence prevented him from mounting a substantial defense. Defendant never explains how exactly the Starks' testimony would have benefited him, with good reason—their testimony would not have helped him in any way, because they did not witness the crime with which he was charged. As noted, defendant was charged with conspiracy, and the charge rested on the premise that he and the gunman conspired to lure the victim outside the girlfriend's apartment, where the gunman then shot him. Because any conspiracy between defendant and the gunman had to have been made *before* the actual assault—at a time when, by all indication, the Starks were still inside the girlfriend's apartment—the Starks would have had no knowledge of the existence (or non-existence) of the conspiracy. Accordingly, their testimony could not have benefited defendant in any way.

---

> [*State name of witness*] is a missing witness whose appearance was the responsibility of the prosecution. You may infer that the witness's testimony would have been unfavorable to the prosecution's case.

[2] Defendant did not raise this ineffective assistance of counsel issue in a motion for a new trial or request for a *Ginther* hearing, and our review is limited to mistakes apparent from the record. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973); and *People v Davis,* 250 Mich App 357, 368; 649 NW2d 94 (2002).

Moreover, the jury heard testimony that the Starks were inside the apartment when the victim was shot, but there is no indication that they witnessed the actual shooting, which took place outside the apartment. If they did not witness the shooting, their testimony would have been of little value to defendant. In other words, defendant cannot establish that the Starks' absence at trial in any way deprived him of a substantial defense.[3]

## 2. MISSING WITNESS INSTRUCTION

Upon request, the prosecutor is obliged to assist a defendant in locating and serving witnesses. MCL 767.40a(5); and *People v Burwick,* 450 Mich 281, 288-289; 537 NW2d 813 (1995). A missing witness instruction under CJI2d 5.12 may be appropriate where defendant requests assistance in locating a witness, but a prosecutor fails to provide reasonable assistance. *People v Perez,* 469 Mich 415, 420; 670 NW2d 655 (2003). Though "[t]here may be other occasions that warrant the jury instruction; in every instance, the propriety of reading CJI2d 5.12 will depend on the specific facts of that case." *Id.* at 421.

In this case, defendant unconvincingly asserts that his trial attorney misunderstood the law when she requested a missing witness instruction on the Starks, but did not ask for the prosecution's assistance in locating the Starks before she asked for the instruction. The trial attorney did not ask for the prosecution's assistance for good reason—the state had already made an effort to locate the Starks, without any request from defendant. Testimony at trial indicated that the police checked various addresses, telephone numbers, and databases to locate the brothers, but these efforts were ultimately unsuccessful. Moreover, defendant provides no evidence to show that the Starks' whereabouts could have been discovered through the exercise of greater diligence—indeed, their location remains unknown.

In light of the state's efforts to locate the Starks, it was probably unnecessary for defendant's attorney to request a missing person instruction under CJI2d 5.12, because, as noted, such an instruction may only be warranted when "a prosecutor falls short of providing such assistance." *Perez*, 469 Mich at 420. Again, the prosecution *did* provide reasonable assistance in attempting to locate the Starks, so it would have been unlikely that the trial court would have granted the trial attorney's request for a missing person instruction under CJI2d 5.12. But the trial attorney's decision to ask for this instruction might have been from a surfeit of caution and, in any event, it in no way prejudiced defendant. Accordingly, defendant's claim that his attorney rendered ineffective assistance have no merit.

---

[3] Because the Starks' absence from trial did nothing to hinder defendant's case, defendant cannot claim that his trial attorney was ineffective for not asking the prosecutor to locate and produce the Starks for trial. In any event, defendant's lawyer may have declined to request assistance in locating the Starks as a matter of trial strategy—his argument was that the police investigation of the victim's shooting was inadequate. Counsel might have decided to capitalize on the Starks' absence, which would have reinforced the idea that the prosecution's case rested on an untrustworthy police investigation. *People v Carbin,* 463 Mich 590, 600; 623 NW2d 884 (2001); and *Kelly,* 186 Mich App at 527.

Affirmed.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Joel P. Hoekstra