# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ROGER EUGENE REEVES,

       Defendant-Appellant.

UNPUBLISHED
April 23, 2015

No. 319964
Gratiot Circuit Court
LC No. 13-006680-FH

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of one count of manufacture or delivery of a controlled substance (marijuana), MCL 333.7401(2)(d). Defendant was sentenced to 90 days' imprisonment, with credit for 40 days served. We affirm.

## I. FACTS

Defendant was a patient and caregiver in the state's medical marijuana program, and he maintained a greenhouse on his property to grow marijuana plants. Nathan Wale was a friend of defendant's son. Wale was not a patient or caregiver in the medical marijuana program, but testified at trial that he had expressed interest to defendant in becoming a caregiver. According to Wale, in the summer of 2012, defendant offered to give Wale some marijuana plants. Wale testified that on July 9, 2012, he told defendant that he would take four of the plants. Wale went to defendant's property at about 9:00 or 9:30 p.m., and defendant was waiting for him outside the greenhouse. According to Wale, defendant accompanied him inside the greenhouse while he obtained the plants. Wale was arrested while driving away from defendant's house by officers who were conducting surveillance of defendant's residence. At trial, defendant did not contest that Wale had obtained the plants from his greenhouse, but argued that Wale had done so without his knowledge or consent.

## II. PROSECUTORIAL MISCONDUCT

Defendant argues that he was denied a fair trial based on prosecutorial misconduct. We disagree. Because defendant did not object to the prosecutor's conduct below or request a curative jury instruction, his claims of misconduct are not preserved. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). We review unpreserved claims of prosecutorial

-1-

misconduct for plain error affecting substantial rights. *People v Gibbs*, 299 Mich App 473, 482; 830 NW2d 821 (2013). In addition, reversal is not required "where a curative instruction could have alleviated any prejudicial effect." *Bennett*, 290 Mich App at 476. Defendant's alternative claim that defense counsel was ineffective for failing to object to the prosecutor's misconduct is reviewed for errors apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

Defendant asserts that during closing argument, the prosecution improperly vouched for Wale's credibility and argued facts not in evidence. During his closing argument, the prosecutor suggested that Wale was not "smart enough" to come up with a story implicating defendant as the source of the marijuana shortly after he was arrested. The prosecutor stated:

> [W]e're talking about a 19 year old kid who has been out of high school for a couple of months, . . . and he has got four marijuana plants bagged up and he gets taken down to the police station. . . . [B]efore he has had time to reflect, he hasn't had a year to reflect on this, he has had a few moments, he meets with this officer in the police interview room . . . [and told the officer that he] [w]ent out to Roger Reeves', and he let me get four plants, and I dug them up, and I put them in the back of my truck. . . . That's what he says moments after being—or minutes, half hour, hour, I don't know how long the interval was, that's what he says.

Defendant contends that these comments improperly vouched for Wale's credibility and argued facts not in evidence because neither Wale nor the arresting officer (who also conducted Wale's police interview) testified as to any specific statements Wale made during the interview. We hold that the prosecutor's comments were based on reasonable inferences from the evidence and were not improper.

"Generally, prosecutors are accorded great latitude regarding their arguments, and are free to argue the evidence and all reasonable inferences from the evidence as they relate to their theory of the case." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009). "A prosecutor may not vouch for the credibility of his witnesses by suggesting that he has some special knowledge of the witnesses' truthfulness." *Id*. "[H]owever, the prosecutor may argue from the facts that a witness should be believed." *People v McGhee*, 268 Mich App 600, 630; 709 NW2d 595 (2005). Here, we do not agree that the prosecutor improperly vouched for Wale's credibility. The prosecutor did not suggest that he had any special knowledge of the witness's truthfulness. Rather, the prosecutor suggested that based on Wale's age and the fact that Wale did not have an extended time to "concoct" a story before he talked to police, Wale was being truthful. The prosecutor's comments were reasonable inferences from the evidence and do not amount to prosecutorial misconduct.

Additionally, a prosecutor may not argue facts that are not supported by the evidence, but is free to argue the evidence and all reasonable inferences arising from it as it relates to the prosecutor's theory of the case. *People v Unger*, 278 Mich App 210, 236, 241; 749 NW2d 272 (2008). When reviewing a prosecutor's remarks, "this Court must examine the entire record and evaluate a prosecutor's remarks in context." *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). Based on our review of the record as a whole, we not agree that the prosecutor committed misconduct in his references to Wale's interview with police. Wale testified during

his direct examination that he got the marijuana plants from defendant's greenhouse with defendant's permission and full knowledge. Although Wale was not asked to testify at trial regarding the specifics of the statements that he made during his police interview, there was no ambiguity in Wale's testimony as to where he got the plants or whether he shared this information with the officer during the interview. Similarly, the police officer who interviewed Wale was also not asked to go into detail when testifying about his interview with Wale. Nevertheless, his testimony clearly indicated that Wale told him he obtained the marijuana plants from defendant. The officer's testimony, in combination with Wale's testimony, gave rise to a reasonable inference that Wale told him that he obtained the marijuana plants from defendant's residence and with defendant's permission. The prosecutor's comments were based on this inference, which was proper.

Accordingly, defendant's claim of ineffective assistance of counsel in regard to this error is similarly rejected because defense counsel is not ineffective for failing to make a futile objection. *People v Crews*, 299 Mich App 381, 401; 829 NW2d 898 (2013). Moreover, the trial court repeatedly instructed the jury that lawyer's statements were not evidence, and that the verdict must be based on the evidence. The jury is presumed to have followed its instructions. *Unger*, 278 Mich App at 235. Further, reversal is not required "where a curative instruction could have alleviated any prejudicial effect." *Bennett*, 290 Mich App at 476. Thus, the trial court's instruction was sufficient to cure any perceived prejudice caused by the prosecutor's statements.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that he was denied the effective assistance of counsel because defense counsel failed to request a missing witness instruction after the trial court denied defendant's request to question a previously released prosecution witness. Alternatively, defendant asserts that the trial court erred in denying defense counsel's request that the witness be produced. We disagree.

To preserve a claim of ineffective assistance of counsel, a defendant must make a motion for a new trial or an evidentiary hearing with the trial court. *Heft*, 299 Mich App at 80. Defendant did not file a motion for a new trial or an evidentiary hearing in the trial court. Therefore, "this Court's review is limited to mistakes apparent from the record." *Id*. In regard to defendant's alternative claim, a trial court's decision to "permit the prosecutor to add or delete witnesses to be called at trial is reviewed for an abuse of discretion." *People v Callon*, 256 Mich App 312, 325-326; 662 NW2d 501 (2003). To the extent that defendant's claim contains a question of law, we review de novo. *People v Perez*, 469 Mich 415, 418; 670 NW2d 655 (2003).

Both the United States Constitution and the Michigan Constitution guarantee criminal defendants the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich at 289-290. "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207.

Gratiot County Sherriff's Deputy Eric Leonard was listed as a prosecution witness, but the prosecution did not call him to testify and he was released from his subpoena. After the prosecution rested on the first day of trial, defendant called his first witness, and informed the court of the witnesses he intended to call. Defense counsel did not mention Leonard. On the second day of trial, defense counsel told the court that he had reviewed Leonard's testimony from the preliminary examination the night before and felt that it was "important testimony." Defense counsel asked that "pursuant to MCL 767.40a . . . the prosecutor assist me in bringing [Leonard] to court so I could call him [as] a witness in my case." The prosecutor objected because Leonard had been excused from his subpoena after defense counsel had indicated that he did not plan to call him as a witness. The court found that the statute was inapplicable to the situation and denied defense counsel's request because Leonard had been available the previous day but defense counsel had "elected not to call him" and the court declined to have Leonard "come from the field."

Defendant argues that the trial court erred when it denied his request to compel the prosecution to produce Leonard and that defense counsel was ineffective for failing to request the missing witness instruction, CJI2d 5.12, after Leonard did not testify for the defense. We disagree.

First, we agree with the trial court that MCL 767.40a did not compel the prosecutor to produce Leonard. MCL 767.40a provides, in relevant part:

> (3) Not less than 30 days before the trial, the prosecuting attorney shall send to the defendant or his or her attorney a list of the witnesses the prosecuting attorney intends to produce at trial.
> (4) The prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties.

As this Court explained in *People v Eccles*, 260 Mich App 379, 388; 677 NW2d 76 (2004):

> A prosecutor who endorses a witness under MCL 767.40a(3) is obliged to exercise due diligence to produce that witness at trial. A prosecutor who fails to produce an endorsed witness may show that the witness could not be produced despite the exercise of due diligence. If the trial court finds a lack of due diligence, the jury should be instructed that it may infer that the missing witness's testimony would have been unfavorable to the prosecution's case.

Here, we disagree with defendant that the prosecution violated the MCL 767.40a. The prosecution produced Leonard at trial in compliance with MCL 767.40a(4), and Leonard was released after neither the prosecution or defendant expressed an intention to call the witness. Thus, we hold there was no error.

We similarly reject defendant's ineffective assistance of counsel claim. Defendant claims his counsel should have requested a missing witness instruction. However, such an instruction was not warranted. Our Supreme Court has held that a missing witness instruction "may be appropriate if a prosecutor fails to secure the presence at trial of a listed witness who has not

been properly excused." *Perez*, 469 Mich at 420. In the instant case, Leonard was present at trial and was excused from his subpoena only after defense counsel did not indicate that he was going to be called. Thus, a missing witness instruction would not have been appropriate in the instant case because the prosecutor did not fail to secure Leonard's presence. Accordingly, defense counsel's performance was not deficient for failing to request it. *Crews*, 299 Mich App at 401. Further, we do not agree that the alleged error prejudiced defendant. Defendant claims that Leonard's testimony was necessary because it showed a discrepancy in the amount of time Wale claimed to be at defendant's obtaining the marijuana plants. We agree with the prosecution that defendant overstates the importance of Leonard's testimony. As the prosecution points out, there was a difference of just ten minutes between Wale's low estimate and Leonard's high estimate of the amount of time Wale spent at defendant's house, and both witnesses could only offer an approximation. Thus, based on the record, we do not find that there was a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Nix*, 301 Mich App at 207.

Affirmed.

/s/ Peter D. O'Connell
/s/ Karen M. Fort Hood
/s/ /Michael F. Gadola

-5-