*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 20, 2023

Plaintiff-Appellee,

v

No. 360996
St. Clair Circuit Court
LC No. 21-000361-FC

DAVID JOSEPH KINGSBURY,

Defendant-Appellant.

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct (CSC-I) (victim under 13, defendant greater than 17), MCL 750.520b(1)(a) and MCL 750.520b(2)(b).[1] Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 25 to 50 years' imprisonment for each count of CSC-I. On appeal, defendant claims that the trial court violated his due process rights through instructional error. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case stems from defendant's sexual abuse of his young daughter. The abuse began in 2017 when the victim was five years old, and continued until 2019. During trial, the parties and the trial court extensively reviewed and discussed the jury instructions. Defense counsel repeatedly stated he had no objections to the instructions as presented, and the parties stipulated to the same. Defendant was convicted and sentenced as noted. This appeal followed.

---

[1] Defendant was also convicted of two counts of second-degree criminal sexual conduct (CSC-II) (victim under 13), MCL 750.520c(1)(a). He was sentenced 10 to 30 years' imprisonment for each of these counts. He does not challenge his CSC-II convictions on appeal.

-1-

## II. JURY INSTRUCTIONS

Defendant argues the trial court's jury instruction concerning the CSC-I charges was erroneous and misleading because it included the phrase "sexual act," which does not appear in the governing statute. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

"A party must object or request a given jury instruction to preserve the error for review." *People v Sabin*, 242 Mich App 656, 657; 620 NW2d 19 (2000), citing MCL 768.29. Defendant did not object in the trial court to the jury instructions. Therefore, this issue is unpreserved.

Generally, claims of instructional error are reviewed de novo. *People v Perez*, 469 Mich 415, 418; 670 NW2d 655 (2003). However, when reviewing an unpreserved claim of error in a criminal case, appellate courts must determine whether there was a plain error which affected a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

In a review for plain error, a defendant bears the burden to demonstrate: (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected their substantial rights. *Id*. To establish the last element, defendant must show he was prejudiced, meaning the error "affected the outcome of the lower court proceedings." *Id.* Even if defendant established a plain error which affected his substantial rights, an appellate court "must exercise its discretion in deciding whether to reverse." *Id.* Reversal will be "warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant," or when the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763-764 (quotation marks and citation omitted). We also review jury instructions "in their entirety to determine if there is error requiring reversal." *People v McFall*, 224 Mich App 403, 412; 569 NW2d 828 (1997).

### B. LAW AND ANALYSIS

When asked about the proposed jury instructions, defense counsel stated: "We were able to review them and discuss them and I think they are appropriate . . . ." The prosecutor then proposed adding the definition for "genital opening" to the CSC-I instruction. When asked by the trial court if he had "any problem" with this addition, defense counsel responded: "I'm just looking at it now, your Honor. I mean, right now, no, I have no objection. I have not seen this instruction before with that detail in previous cases, but I—." When the trial court responded "I would intend to give it," defense counsel replied, "Understood, your honor," and later stated he had "no problems" with the written copy of the instructions attached to the verdict form. After the jury was instructed, the trial court asked if there was any objection to the instructions as read, to which defense counsel answered: "Judge, I had no objections."

We have "consistently held that an affirmative statement that there are no objections to the jury instructions constitutes express approval of the instructions, thereby waiving review of any error on appeal." *People v Kowalski*, 489 Mich 488, 505 n 28; 803 NW2d 200 (2011), citing *People v Chapo*, 283 Mich App 360, 372-373; 770 NW2d 68 (2009), *People v Matuszak*, 263 Mich App 42, 57; 687 NW2d 342 (2004), *People v Lueth*, 253 Mich App 670, 688; 660 NW2d

322 (2002). Counsel's assent to the instructions constitutes "express approval." By expressly approving the jury instructions, defense counsel waived this issue for our review.

But, this issue is meritless even if it were not waived for our review. In instructing the jury, the trial court employed the standard jury instruction for CSC-I, which includes the phrase "sexual act." M Crim JI 20.1(2)(a). Defendant challenges this phrasing, but fails to explain why the inclusion of the phrase "sexual act" was so confusing to the jury that he was deprived of due process. Therefore, defendant has failed to demonstrate plain error.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien