*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
August 15, 2024

v

WENDELL MERRETT LENOIR,

        Defendant-Appellant.

No. 365627
Oakland Circuit Court
LC No. 2021-277967-FH

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO[*], JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (engaging in sexual conduct with a person under 13 years of age). Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 36 months' to 15 years' imprisonment. We affirm.

## I. BACKGROUND

This matter involves the sexual assault of AR. When AR was 11 years old she was at home alone watching television. Defendant, who was romantically involved with AR's mother, came into the house and sat on the bed next to her. At some point, defendant rolled on top of AR and groped her. AR asked defendant to allow her to get up and he refused. She eventually got up and left the house.

AR did not discuss the incident again until she was a senior in high school when she wrote an essay describing the assault. She showed the essay to her brother, BL, and her teacher, but she told BL the essay was fictitious. Her teacher became concerned because of the essay's content and referred the matter to Child Protective Services (CPS), who contacted the Oakland Sherriff's Department. Detective Adam Stoyek interviewed AR. After the interview, he had a brief telephone conversation with defendant. Regarding the conversation, Stoyek stated: "I asked [defendant] if he wanted to speak in person. He declined to speak with me, and that was the extent of our conversation."

---

[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

On the first day of trial, defense counsel argued that the prosecution did not provide reasonable assistance in securing BL, who resided out-of-state and was to serve as an impeachment witness. In addition, defense counsel contended that the prosecution failed to provide reasonable assistance to secure other defense witnesses. The trial court noted its willingness to issue subpoenas, if defense counsel had requested them, and observed that the witnesses were either character witnesses or impeachment witnesses. The trial proceeded and the jury convicted defendant of CSC-II. He was sentenced as discussed above. This appeal followed.

On appeal, defendant argues: (1) his conviction should be reversed because the prosecution failed to provide defense counsel with reasonable assistance to locate defense witnesses who could have provided impeachment and character evidence to challenge defendant's accuser; (2) his constitutional right to remain silent was violated when the prosecution asked a witness about defendant's refusal to speak; and (3) he was denied his right to effective assistance of counsel because defense counsel failed to (a) secure defense witnesses, (b) request a missing-witness jury instruction, and (c) timely object to a witness's comment regarding defendant's silence.

## II. PROSECUTION'S REASONABLE ASSISTANCE

Defendant argues that he is entitled to have his conviction reversed because the prosecution failed to provide defense counsel with reasonable assistance to locate defense witnesses. Further, defendant argues, the missing-witness jury instruction should have been given. We disagree.

## A. STANDARD OF REVIEW

A defendant's claim that the prosecution did not abide by its statutory duty to provide reasonable assistance to procure defense witnesses may be successful if prejudice is shown, i.e., review is for harmless error. *People v Duenaz*, 306 Mich App 85, 104-105; 854 NW2d 531 (2014). Preserved nonconstitutional errors are presumed harmless "unless it shall affirmatively appear that such an error resulted in a miscarriage of justice." *People v Lukity*, 460 Mich 484, 493; 596 NW2d 607 (1999) (quotation marks omitted). In other words, "a preserved, nonconstitutional error is not a ground for reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *Id*. at 496 (quotation marks and citation omitted). "An error is deemed to have been 'outcome determinative' if it undermined the reliability of the verdict." *People v Elston*, 462 Mich 751, 766; 614 NW2d 595 (2000).

In general, claims of instructional error are reviewed de novo. *People v Perez*, 469 Mich 415, 418; 670 NW2d 655 (2003). "A party must object or request a given jury instruction to preserve the error for review." *People v Sabin*, 242 Mich App 656, 657; 620 NW2d 19 (2000), citing MCL 768.29. Defendant did not request the missing-witness jury instruction, resulting in the issue being unpreserved. "Absent an objection or request for an instruction, this Court will grant relief only when necessary to avoid manifest injustice." *Id*. at 657-658. Unpreserved instructional errors are review for plain error. *People v Flores*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 360584); slip op at 5. To avoid forfeiture under the plain error rule, defendant must establish that an error occurred, it was plain, and affected his substantial rights, i.e., he was prejudiced. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

B. ANALYSIS

"A defendant has the right to be confronted with the witnesses against him or her." *People v Yost*, 278 Mich App 341, 369; 749 NW2d 753 (2008). "The right of confrontation insures that the witness testifies under oath at trial, is available for cross-examination, and allows the jury to observe the demeanor of the witness." *People v Watson*, 245 Mich App 572, 584; 629 NW2d 411 (2001) (quotation marks and citation omitted).

As MCL 767.40a(5) states, in relevant part:

The prosecuting attorney or investigative law enforcement agency shall provide to the defendant, or defense counsel, upon request, reasonable assistance, including investigative assistance, as may be necessary to locate and serve process upon a witness. The request for assistance shall be made in writing by defendant or defense counsel not less than 10 days before the trial of the case or at such other time as the court directs.

Although defendant argues that the prosecution did not exercise due diligence to produce defense witnesses, "due diligence" is not the standard. The prosecution's obligation under the statute is to provide reasonable assistance to locate witnesses upon defendant's request. *People v Long*, 246 Mich App 582, 585-586; 633 NW2d 843 (2001).

In this case, BL resides in Tennessee, limiting the prosecution's capacity to reasonably assist the defense in securing this out-of-state witness. The trial court did appoint the defense a private investigator who discovered BL's contact information and actually communicated with him. A subpoena was issued to secure BL's testimony, which defense counsel mailed to BL's address. It is unclear what more the prosecution could have done in addition to what defense counsel already did to bring BL to Michigan. Indeed, MCL 767.40a(5) states that the prosecutor "shall provide to the defendant, or defense counsel, upon request, reasonable assistance, including investigative assistance, as may be necessary to locate and serve process upon a witness." But the defense knew where BL was so it did not require the prosecution's help to locate him. Further, the defense sent BL a subpoena but it was incumbent on defense counsel to initiate the interstate process and request the court's involvement, which she failed to do. The trial court noted that it would have readily taken additional action had defense counsel requested it. The statute limits the reasonable assistance required to locating and serving witnesses. The statute is silent about what the prosecutor must do after a witness has been located and served. Reading an additional requirement into the statute results in an outcome outside of the Legislature's intent. See *People v Miller*, 288 Mich App 207, 209; 795 NW2d 156 (2010) ("The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature.") Given these facts and circumstances, we conclude that the trial court did not err when it found that the prosecution did not fail to provide defense counsel with reasonable assistance to secure BL.

Defendant also argues that the prosecution did not provide reasonable assistance to secure other witnesses, including SB, DM, DL, ME, and AW. We disagree.

SB, DM, and DL were character witnesses. DL resides in Michigan. Defense counsel attempted to contact her by e-mail and telephone, and mailed a subpoena. The prosecutor

attempted to call her "quite a few times" without success. Defense counsel did not have ME's contact information, and the prosecutor noted that she was unable to reach her, either. And as to AW, the parties stipulated that she would not testify because she resided out-of-state. This resulted in defendant waiving this issue regarding AW. A waiver is an "intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). The record is silent about defense counsel's efforts to locate DM. Regardless, as discussed above, the prosecutor provided reasonable assistance to locate these witnesses. The prosecutor contacted law enforcement the day after receiving the names of the witnesses. She attempted to contact the witnesses without success. Defendant was appointed a private investigator who could have provided the necessary assistance and served the in-state witnesses. Given the facts and circumstances of this matter, defendant has failed to establish a violation of MCL 767.40a(5).

Defendant also argues that the trial court should have given the missing-witness jury instruction sua sponte, after it had not been requested. We disagree.

As our Supreme Court held in *People v Gonzalez*, 468 Mich 636, 642; 664 NW2d 159 (2003), "[a]s an initial matter . . . defendant's failure to either request a[n ] . . .instruction or to object to the trial court's failure to give one sua sponte, precludes defendant from seeking relief in the appellate courts." Here, as in that case, "defendant neither requested a [missing witness] instruction nor objected to the court's failure to give one. Therefore, defendant is precluded from arguing that the omitted instruction was error." *Id*. Regardless, this jury instruction is appropriately given when the prosecution fails to produce a listed witness, or does not provide reasonable assistance to secure a defense witness. See *Perez*, 469 Mich at 420; *People v Steele*, 283 Mich App 472, 485; 769 NW2d 256 (2009). These circumstances do not exist in this case; thus, the missing-witness jury instruction was not improperly omitted by the trial court.

## III. RIGHT TO SILENCE

Next, defendant argues that his constitutional right to silence was violated when the prosecution questioned Stoyek regarding defendant's refusal to speak to him on the telephone. We disagree.

## A. STANDARD OF REVIEW

Defendant did not object to the testimony, resulting in the issue being unpreserved. Accordingly, we apply the plain error standard of review to the challenged testimony. See *Carines*, 460 Mich at 763.

## B. ANALYSIS

The Fifth Amendment to the United States Constitution "guarantees that no person shall be compelled in any criminal case to be a witness against himself." *People v Shafier*, 483 Mich 205, 212; 768 NW2d 305 (2009) (quotation marks and citation omitted). And the Fifth Amendment is applicable to the states. See *Malloy v Hogan*, 378 US 1, 3; 84 S Ct 1489; 12 L Ed 2d 653 (1964).

-4-

As our Supreme Court noted in *Shafier*, in *Miranda v Arizona*, 384 US 436, 444-445; 86 S Ct 1602; 16 L Ed 2d 694 (1966), the United States Supreme Court "established guidelines for law enforcement agencies and courts to follow in order to protect the privilege against compelled self-incrimination during custodial police interrogations." *Shafier*, 483 Mich at 212 (quotation marks and citation omitted). "Thus, under *Miranda*, every person subject to interrogation while in police custody must be warned, among other things, that the person may choose to remain silent in response to police questioning." *Id*. But *Miranda* warnings are not required unless "defendant was in custody at the time of the questioning." *People v Hill*, 429 Mich 382, 385; 415 NW2d 193 (1987). Generally, a person is in custody if the person reasonably believed he or she was not free to leave. *People v Steele*, 292 Mich App 308, 316-317; 806 NW2d 753 (2011). "As a general rule, if a person remains silent after being arrested and given *Miranda* warnings, that silence may not be used as evidence against that person." *Shafier*, 483 Mich at 212. However, our Supreme Court has observed, a defendant may be impeached with pre-arrest silence. *Id*. at 213 n 8.

In this case, during his investigation, Stoyek had a brief conversation with defendant on the telephone. Regarding the conversation, Stoyek testified: "I asked [defendant] if he wanted to speak in person. He declined to speak with me, and that was the extent of our conversation." Defendant argues that Stoyek's testimony about defendant's silence violated his Fifth-Amendment right. But defendant was not subject to custodial interrogation when Stoyek spoke with him on the telephone. Speaking to a police officer on the phone is not a deprivation of defendant's "freedom of action in any significant way." *Steele*, 292 Mich App at 316. It is impossible to conclude that defendant "could have reasonably believed that he . . . was not free to leave." *Id*. at 316-317. Defendant and Stoyek were not physically proximal. In fact, defendant demonstrated his belief that he was free to leave the encounter by ending the telephone call. Stoyek did not subject defendant to custodial interrogation. As a result, Stoyek's testimony regarding defendant's silence was not improper. Accordingly, this claim is without merit.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, defendant argues that he was denied his right to effective assistance of counsel. We disagree.

## A. STANDARD OF REVIEW

A claim for ineffective assistance of counsel is preserved by moving for a new trial or for an evidentiary hearing. See *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Because defendant did not move for a new trial or an evidentiary hearing in the trial court, our review is limited to errors apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

## B. ANALYSIS

A defendant has the right to the effective assistance of counsel. *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021). To prove a claim of ineffective assistance of counsel a defendant must show that defense counsel's performance was deficient, i.e., fell below an objective standard of professional reasonableness, and prejudiced the defense. *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). The deficit performance "prejudiced the defense if it is

reasonably probable that, but for counsel's error, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Both conditions must be met to establish ineffective assistance of counsel.

"Claims of ineffective assistance of counsel center on deficiencies in the defense counsel's decision-making . . . ." *Isrow*, 339 Mich App at 532 (quotation marks and citation omitted; alteration in original). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "If counsel's strategy is reasonable, then his or her performance was not deficient." *Isrow*, 339 Mich App at 532 (quotation marks and citation omitted). "A deficiency prejudices a defendant when there is a reasonable probability that but for trial counsel's errors, the verdict would have been different." *Id.*

Defendant first argues that defense counsel was ineffective for failing to secure the defense witnesses for trial. We disagree.

Defendant did not show that defense counsel's failure to secure the witnesses fell below an objective standard of reasonableness. Although our Supreme Court has held that a defense counsel's failure to conduct a reasonable investigation can rise to ineffective assistance, that did not occur in this case. In *People v Ackley*, 497 Mich 381; 870 NW2d 858 (2015), for example, the defendant claimed that his lawyer failed "to meaningfully challenge the prosecution's expert testimony regarding the cause of [a] child's death . . . ." *Id.* at 385-386. Our Supreme Court held: "[C]ounsel performed deficiently by failing to investigate and attempt to secure an expert witness who could both testify in support of the defendant's theory that the child's injuries were caused by an accidental fall and prepare counsel to counter the prosecution's expert medical testimony." *Id.* at 389. Similarly, in *Trakhtenberg*, 493 Mich at 53, our Supreme Court found "defense counsel failed to consult with key witnesses who would have revealed weaknesses of the prosecution's case." This resulted in "defense counsel's unreasonably inadequate investigation," which "contributed to her failure to sufficiently develop the defense that was actually presented at trial." *Id.* at 54.

In this case, defense counsel's attempt to contact the witnesses and her use of the court-appointed private investigator was objectively reasonable. The witnesses did not respond to her requests, or to the subpoenas she mailed. Given these facts, defense counsel's conduct was reasonable. Further, defendant fails to establish that but for defense counsel's alleged failure to secure the witnesses, there is a reasonable probability the outcome of his trial would have been different. See *Fyda*, 288 Mich App at 450. As discussed above, the purpose of the defense witnesses was to impeach AR or serve as character witnesses for defendant. BL's testimony would have been redundant because AR admitted she was untruthful when she told BL the essay was fictitious. The other witnesses would simply testify about defendant's character. Defense counsel cross-examined AR and Stoyek, and brought an additional witness, LL, who served as a character witness and stated that defendant did not have a key to the house. Further, no offers of proof have been provided that show what testimony would have been offered other than generally impeaching AR and being character witnesses for defendant. Arguably, these witnesses would have provided merely cumulative testimony. Accordingly, this argument fails.

Next, defendant argues that defense counsel was ineffective because she did not request the missing-witness instruction. We disagree. As discussed above, the trial court correctly found the prosecution provided reasonable assistance to secure defense witnesses. See *Perez*, 469 Mich at 420. Had defense counsel requested this jury instruction, it would have been meritless. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Lastly, defense counsel was not ineffective for failing to object to Stoyek's statement regarding defendant's silence. As explained, because defendant was not subject to custodial interrogation during the telephone call with Stoyek, his Fifth-Amendment right to silence was not triggered. Thus, any objection would have been futile and the failure to object does not constitute ineffective assistance. See *id*. In summary, defendant does not overcome the strong presumption that defense counsel acted effectively. See *Trakhtenberg*, 493 Mich at 52.

Affirmed.


/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro